UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
In the Matter of a Proceeding
for Support under the Family
Court Act

COMMISSIONER OF SOCIAL SERVICES,
Petitioner/Assignee on behalf of

TAMMY BOERTLEIN, ASSIGNOR,

                Petitioner,
                                          MEMORANDUM & ORDER
    -against-                          17-CV-6030 (JS)(AYS)

ROGER W. CLARKE, JR.,

                Respondent.
----------------------------------X
APPEARANCES
For Petitioner:    No appearance.

For Respondent:    Roger W. Clarke, pro se
                      1 Sommerset Drive
                      Yaphank, NY 11980

SEYBERT, District Judge:

        In or about October 31, 2016, the Commissioner of Social Services, on behalf of Tammy Boertlein, Mother ("Petitioner"), commenced this action against respondent Roger W. Clarke Jr., Father ("Respondent") in the Family Court of the State of New York, County of Suffolk ("State Court").[1] (See Pet. for Support, Ex. B, Docket Entry 1-2.) On October 16, 2017, Respondent, acting pro se, filed a Notice of Removal removing the action to this Court pursuant to, inter alia, 28 U.S.C. §§ 1443 and 1446 on the basis

---

[1] Although Respondent has not filed a copy of the Complaint with his Notice of Removal, it appears from his submission that Petitioner is pursing a child support enforcement action against Respondent in state court under Index No. F-18124-16.

that this Court has original jurisdiction under 28 U.S.C. § 1331 because there are "questions arising under the Constitution, Laws, and Treaties of the United States, including but not limited to the Bill of Rights and the Eleventh Amendment, the original Thirteenth Amendment, and Fourteenth Amendment to the U.S. Constitution, the International Covenant on Civil and Political Rights, and the Universal Declaration of Human Rights, with Reservations" involved. (See Pet. for Removal, Docket Entry 1, at 1.) Respondent paid the Court's filing fee. For the reasons set forth below, the action is REMANDED to the State Court pursuant to 28 U.S.C. § 1447(c).

DISCUSSION

I. The Removal Statute

Pursuant to 28 U.S.C. § 1441(a), ". . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added).) In addition, 28 U.S.C. § 1446(a) sets forth the procedure for removal to be followed:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and other papers

> served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a) (emphasis added). Subsection (b) makes clear that

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or process or otherwise, of a copy of the initial pleading setting forth the claim for relief . . . or within 30 days after the service of the summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever is shorter.

28 U.S.C. § 1446(b). "[S]tatutory procedures for removal are to be strictly construed, . . . because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns." Frontier Park Co., LLC v. Contreras, 35 F. Supp. 3d 264, 267 (E.D.N.Y. 2014) (internal quotation marks and citations omitted); accord In re Facebook, Inc., IPO Sec. & Derivative Litig., 922 F. Supp. 2d 475, 480 (S.D.N.Y. 2013). "[T]he burden is on the removing party to prove that it has met the requirements for removal." Ulysse v. AAR Aircraft Component Servs., 841 F. Supp. 2d 659, 666 (E.D.N.Y. 2012) (internal quotation marks and citation omitted).

Here, Respondent seeks to remove this child support enforcement action to this Court almost one (1) year after it was

filed in the State Court.[2] Thus, regardless of whether Respondent's Notice of Removal invokes this Court's federal question subject matter jurisdiction,[3] there is no basis in law for Respondent's attempt to remove this action to federal court <u>after</u> the statutory thirty-day time period has expired. <u>Edelman v. Page</u>, 535 F. Supp. 2d 290, 292 (D. Conn. 2008) (finding that the "statutory time limit is mandatory. . . [and] absent a finding of waiver or estoppel, federal courts rigorously enforce the statute's thirty-day filing requirement.") (internal quotation marks and citation omitted; alterations in original).

Moreover, although Respondent's Notice of Removal, including exhibits, is comprised of eighty-three pages, he has

---

[2] Because Respondent did not file a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and other papers served upon him in such action, it is difficult for the Court to determine when the State Court action was commenced. However, Respondent has included, as "Exhibit B" to his Notice of Removal, a copy of a Support Petition filed in State Court against him by Petitioner on October 31, 2016. (<u>See</u> Ex. B to the Pet. for Removal.)

[3] Notwithstanding Respondent's assertion that this Court's federal question subject matter jurisdiction is invoked, given that the underlying case appears to be a child support enforcement action, the domestic relations exception to the jurisdiction of the federal courts would likely divest this Court of jurisdiction. <u>See</u> <u>Marshall v. Marshall</u>, 547 U.S. 293, 308, 126 S. Ct. 1735, 1746, 164 L. Ed. 2d 480, 495 (2006) (Under the domestic relations exception, "divorce, alimony, and child custody decrees" remain outside federal jurisdictional bounds) (citation omitted); <u>McArthur v. Bell</u>, 788 F. Supp. 706, 709 (E.D.N.Y. 1992) (finding that the domestic relations applied because the plaintiff's claims directly related to child support modification proceedings).

4

failed to attach a copy of the "pleadings[] and orders" served upon him in the State Court case as is required by the removal statute. Accordingly, this action is REMANDED to the State Court pursuant to 42 U.S.C. § 1447(c). <u>See, e.g.</u> <u>Allfour v. Bono</u>, No. 11-CV-1619, 2011 WL 2470742, at * 1 (E.D.N.Y May 5, 2011), <u>report and recommendation adopted by</u> 2011 WL 2470734 (E.D.N.Y. June 22, 2011) (holding that in this circuit, a procedural defect, by itself, would authorize a <u>sua sponte</u> remand within thirty [30] days after the filing of the notice of removal); <u>Cassara v. Ralston</u>, 832 F. Supp. 752, 753-54 (S.D.N.Y. 1993) (holding that 28 U.S.C. § 1447(c) authorizes a district court to <u>sua sponte</u> remand actions to state court for defects in removal procedure within thirty [30] days after the filing of the notice of removal); <u>see also</u> <u>Burr v. Toyota Motor Credit Co.</u>, 478 F. Supp. 2d 432, 436 (S.D.N.Y. 2006) ("[I]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability.") (internal quotation marks and citation omitted).

Accordingly, the Clerk of the Court shall: (1) MAIL a certified copy of this Order to the clerk of the Family Court of the State of New York, County of Suffolk, pursuant to 42 U.S.C. § 1447(c); (2) CLOSE this case; and, (3) MAIL a copy of this Memorandum and Order to Respondent.

Although Respondent paid the filing fee in this Court, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that, should Respondent seek leave to appeal in forma pauperis, any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November  9 , 2017
       Central Islip, New York